**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
CASE NO. _____**

DIONNE HINDS,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP, a foreign
Limited Partnership and JOHN DOE,
MANAGER,

      Defendants.

_____

**DEFENDANT'S NOTICE OF REMOVAL**

      Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c), Federal Rules of Civil Procedure, files this Notice of Removal removing to this Court the action filed in the Circuit Court of the 19th Judicial Circuit, in and for St. Lucie County, Florida, Case No. 2021CA001059AXXXHC, with full reservation of rights, exceptions and defenses, and in support thereof states:

**I.**    **Factual Background**

      1.    On or about June 11, 2021, Plaintiff commenced this action by filing a Complaint against Wal-Mart and "John Doe Manager" in the Circuit Court of the 19th Judicial Circuit, in and for St. Lucie County, Florida. *See* Complaint attached hereto as **Exhibit "A."** The Complaint was served on Wal-Mart on or about July 1, 2021. *See* Return of Service attached hereto as **Exhibit "B."**

      2.    Plaintiff purports to allege a claim for negligence against Wal-Mart in Count I of the Complaint, and a claim for negligence against "John Doe Manager" in Count II of the

Complaint, as a result of injuries she allegedly sustained on or about June 20, 2020 while in the Wal-Mart store located at 10855 South US Highway 1, Port St. Lucie, St. Lucie County, Florida.

3.      The Complaint alleges that Plaintiff was an invitee on the premises of the Wal-Mart store when she allegedly "slipped and fell in soap on the floor." *See* Complaint, at ¶ 9.

4.      Plaintiff alleges that Wal-Mart breached one or more duties owed to her, including a duty to maintain the store premises, a duty to keep the aisle way free of dangerous slip hazards, a duty to correct a dangerous condition Wal-Mart should have known about, and a duty to warn Plaintiff of dangerous conditions and/or latent defects at the property. *See* Complaint, at ¶ 15.

5.      Similarly, Plaintiff alleges that "John Doe Manager" breached one or more duties owed to her, including a duty to maintain the store premises, a duty to keep the aisle way free of dangerous slip hazards, a duty to correct a dangerous condition Wal-Mart should have known about, and a duty to warn Plaintiff of dangerous conditions and/or latent defects at the property. *See* Complaint, at ¶ 21. In Count II of the Complaint, Plaintiff purports to demand judgment against Wal-Mart for the alleged negligence of John Doe Manager. *See* Complaint.

6.      Plaintiff alleges that at all times material she was a resident of Martin County, Florida. *See* Complaint, at ¶ 2.

7.      Defendant, Wal-Mart Stores East, LP, is a foreign limited partnership and maintains its principal place of business in Bentonville, Arkansas. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached hereto as **Exhibit "C."**

8.      At the time of filing the instant lawsuit, Plaintiff filed a Civil Cover Sheet estimating that her damages exceed $100,000.00.  *See* Civil Cover Sheet, attached hereto as **Exhibit "D."**

9.      On or about February 23, 2021, Plaintiff sent a pre-suit demand letter to Wal-Mart alleging that Plaintiff "suffered severe and permanent injuries as well as a significant loss of wages and undue financial hardships in her business practice as well as her personal life." Plaintiff's pre-suit demand letter also alleged, among other things, that Plaintiff underwent several procedures and therapies. Plaintiff's demand letter further alleges that, "[a]s a direct result of her slip and fall incident, [Plaintiff] has currently incurred medical specials in excess of $511,000.00" – far in excess of the $75,000.00 jurisdictional minimum for this Court. *See* Plaintiff's Demand Letter attached hereto as **Exhibit "E."**

10.     Therefore, this Court has jurisdiction over this matter, and it is removable based on diversity of citizenship of the parties. The matter is removable based on diversity of citizenship because Plaintiff and Wal-Mart are citizens of different states, the citizenship of "John Doe Manager" is disregarded, and the amount in controversy exceeds $75,000.00, exclusive of interest, attorney's fees, and costs.

11.     All state court documents are attached as Composite **Exhibit "F."**

12.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.      Removal is Timely

13.     In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart filed its Notice of Removal on July 26, 2021, within thirty (30) days of the date that it received or was served a copy of Plaintiff's Complaint.  Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty-day period, under Section 1446(b)(1) commenced on July 1, 2021, when Plaintiff served her Complaint on Wal-Mart.

14.     Venue is proper in this Court because the state court where Plaintiff filed her Complaint, the Circuit Court of the 19th Judicial Circuit, in and for St. Lucie County, Florida, is located in the City of Fort Pierce, Florida, which is within this Court's jurisdiction.

## III.     There is Complete Diversity Between the Parties

15.     In accordance with 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between— (1) citizens of different States…." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

### a.   Citizenship of Wal-Mart

16.     For purposes of 28 U.S.C. §§ 1332 and 1441, a limited partnership is deemed to be a citizen of the State(s) of all of its members. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990). Defendant Wal-Mart Stores East, LP is and was a Delaware limited partnership with its principal place of business in Arkansas. WSE Management, LLC, and WSE Investment, LLC, are the sole partners of Walmart Stores East, LP. WSE Management, LLC, and WSE Investment, LLC, are and were Delaware limited-liability companies with their principal places of business each located in Arkansas. Walmart Stores East, LLC, is the sole member of both WSE Management, LLC, and WSE Investment, LLC. Walmart Stores East, LLC, is and was an Arkansas limited-liability company, with its principal place of business in Arkansas. Walmart, Inc., is the sole member of Walmart Stores East, LLC. Walmart Inc. is and was a Delaware corporation, with its principal place of business in Arkansas. Walmart Inc. is a publicly traded company on the New York Stock Exchange and traded under the symbol WMT. No publicly traded entity owns more than 10% of Walmart, Inc. *See* Exhibit "C."

17.     As a result, Defendant Wal-Mart Stores East, LP, is a citizen of only Delaware and Arkansas.

### b.   Citizenship of Plaintiff

18.     Plaintiff was at all times material a resident of Martin County, Florida. *See* Complaint, at ¶ 2.   Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at *3 (S.D. Fla. June 1, 2009)

### c.   Citizenship of John Doe Manager

19.     The Court should not consider the citizenship of Defendant "John Doe Manager" in its determination of whether complete diversity exists. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1446(b)(1). "In determining the existence of federal jurisdiction, the Court considers the complaint as it existed at the time the petition of removal was filed." *Tynes v. Target Corp.*, No. 12-24302-CIV-MORENO, 2013 WL 1192355, at *1 (S.D. Fla. Mar. 21, 2013), citing *Landmark Tower Associates v. First National Bank of Chicago*, 439 F.Supp. 195 (S.D. Fla. 1977). As a result, "[t]he Court must base its removability determination on the Complaint listing only "John Doe" as a second defendant." *Id*. "[T]he citizenship of fictitiously named defendants must be 'disregarded,' not discovered." *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019). Here, the citizenship of the fictitiously named defendant, John Doe Manager, must be disregarded by the Court when evaluating diversity for removal purposes, pursuant to § 1446(b)(1).

20.     Disregarding the fictitiously named defendant, John Doe Manager, complete diversity exists as between the parties, Plaintiff and Wal-Mart.

## IV.    The Amount in Controversy Requirement Has Been Met

21.    Plaintiff's Complaint does not specify the amount of her damages; rather, she alleges that her damages exceed $30,000.00 (the threshold amount in controversy for Circuit Court under Florida law). It is clear, however, from the Civil Cover Sheet, Complaint, and Plaintiff's pre-suit demand letter that the Plaintiff's claimed damages exceed the $75,000.00 jurisdictional minimum for this Court.  *See Katz*, 2009 WL 1532129 at *5 (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on the medical bills cited in plaintiff's pre-suit demand); *see also Mick v. De Vilbiss Air Power Co.*, 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (relying on pre-suit demand letter seeking $175,000.00 in damages as competent evidence of amount in controversy and denying Plaintiff's motion to remand).

22.    Where a complaint seeks indeterminate damages, "removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 754 (11th Cir. 2010).[1] If satisfaction of the amount in controversy is "not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. at 754.

23.    "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the Plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand."  *Katz*, 2009 WL 1532129, at *4, citing *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1213-1214 (11th Cir. 2007).  "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of

---

[1]     Although *Pretka* involved removal under the Class Action Fairness Act of 2005, the court interpreted and applied the general removal procedures of § 1446. *See id*. at 756 & n.11.

removal." *Id*., citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.   Here, the relevant portions of Plaintiff's medical expenses set forth in her demand letter conclusively establish that the amount in controversy exceeds $75,000.00.

24.     Specifically, the medical expenses and procedures that Plaintiff has undergone thus far exceed $75,000.00. *See* Exhibit "E." Furthermore, the Complaint and the Civil Cover Sheet confirm that Plaintiff alleges she has sustained injuries where she estimates her damages will exceed $100,000.00. *See* Exhibits "A" and "D." In addition, Plaintiff's Complaint alleges damages for, among other things, "pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition"; that her "losses are either permanent or continuing in nature"; and that Plaintiff will suffer these losses in the future. *See* Complaint, at ¶¶ 17 and 30.

25.     As set forth in her per-suit demand letter, Plaintiff alleges past medical expenses which alone total in excess of $511,000.00. And, while far in excess of the $75,000 jurisdictional threshold, this sum reflects only the amount of Plaintiff's bills for medical care received from the time of the alleged incident through the February 23, 2021 date of the demand letter.  Indeed, by its own terms, the letter is not a complete statement of the amounts being sought, and "is subject to change as [Plaintiff's] treatment associated with this matter has not yet concluded." *See* Letter, at p. 3. Since Plaintiff has alleged that she is continuing to receive treatment, and will incur future damages, Plaintiff's medical expenses will continue to increase as well.

26.     Plaintiff's aforementioned representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional threshold of this Court.

27.     District courts consistently find that the amount in controversy is met where a plaintiff's pre-suit demand letter shows that the plaintiff's medical bills exceeded $75,000.00.

28.     For example, the court in *Katz* held that the defendant seeking removal had sufficiently established that the amount in controversy was satisfied based on information included in the plaintiff's pre-suit demand package. 2009 WL 1532129 at *4. Here, Plaintiff's demand letter establishes that the amount in controversy is satisfied. *See* Exhibit "E."

29.     Similarly, in *Stramiello*, No. 8:10-cv-659-T-33TGW, 2010 WL 2136550 (M.D. Fla. May 26, 2010), the district court determined that the defendant successfully met its burden of proving that the amount in controversy was in excess of $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92. Much like Plaintiff in the instant matter, the plaintiff in *Stramiello* alleged that his injuries were permanent and that he suffered "bodily injury, including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life." *Id.* at *1. The court found that, at the time of removal, defendant had received documentation from the plaintiff showing total medical bills in the amount of $108,351.92, and thus defendant had met its burden to establish the required amount in controversy for federal subject matter jurisdiction. *See id.* at *4.

30.     Likewise, in *Wilson v. Target Corp.*, 10-80451-CIV-MARRA, 2010 WL 3632794, at *4 (S.D. Fla. Sept. 14, 2010), plaintiff's detailed pre-suit demand letter revealed she

had sustained over $100,000.00 in past medical expenses and would suffer an additional one million dollars in future medical expenses due to an alleged accident. The court found that the detailed pre-suit letter delineated the extent of plaintiff's injuries, the physicians who treated her, and the medical care she received from each of those physicians. Because of this detail, the court found that "the pre-suit demand can be considered reliable evidence that Wilson's damages will exceed $75,000." *Id*. at 4.

31.     Here, Plaintiff's pre-suit demand letter provides a detailed recitation of her claimed medical expenses in excess of $511,000.00 – far exceeding the $75,000.00 jurisdictional threshold of this Court – even without considering the medical expenses incurred by Plaintiff subsequent to her February 23, 2021 demand. Where the jurisdictional amount in controversy has been met with medical bills, further discussion of any future injuries or damages is not necessary. *Stramiello,* 2010 WL 2136550 at n.2.

32.     That the amount in controversy here exceeds $75,000.00 is further buoyed by Plaintiff seeking lost wages and loss of earning capacity, as well as other damages. *See* Complaint, at ¶¶ 17 and 30.

33.     The foregoing evidence sufficiently establishes that Plaintiff's claimed damages exceed $75,000.00. As a result, the amount in controversy in this matter exceeds the jurisdictional minimum, and removal is thus proper.

**V.**     **Conclusion**

34.     Wal-Mart has timely filed this Notice of Removal and meets the jurisdictional requirements for removal. Removal of Plaintiff's underlying state court action is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice of the same to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court.

WHEREFORE, Defendant, Wal-Mart Stores East, LP, respectfully requests this Notice of Removal be accepted as adequate under federal law, and that Plaintiff's state court action, Case No. 2021CA001059AXXXHC, on the docket of the Circuit Court of the 19th Judicial Circuit, in and for St. Lucie County, Florida, be removed from that court to the United States District Court for the Southern District of Florida, Fort Pierce Division, and that this Court assume full and complete jurisdiction over the case, issuing all necessary orders along with any other relief that the Court deems just and proper.

Respectfully Submitted,

By: */s/ Darin A. DiBello*
    Darin A. DiBello
    Florida Bar No. 957615
    Spencer Woodstock
    Florida Bar No. 1022678
    FASI & DIBELLO, P.A.
    150 S.E. 2nd Avenue, Suite 1010
    Miami FL  33131
    Telephone: (305) 537-0469
    Facsimile:  (305) 503-7405
    dibello@fasidibellolaw.com
    woodstock@fasidibellolaw.com
    perry@fasidibellolaw.com
    wiza@fasidibellolaw.com
    *Attorneys for Defendant,*
      *Wal-Mart Stores East, LP*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by E-Mail this 26th day of July, 2021 to::  Steve Hoskins, Esq. (shoskins@htllfirm.com); and Taylor Hoskins, Esq. (taylor@htllfirm.com), Law Firm of Hoskins, Turco, Lloyd & Lloyd, Attorneys for Plaintiff, 302 S. Second Street, Ft. Pierce, FL 34950.

By: */s/ Darin A. DiBello*
    Darin A. DiBello

JS 44   (Rev. 06/17) FLSD Revised 06/01/2017

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,   except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a)   PLAINTIFFS**   Dionne Hinds

**DEFENDANTS**   Wal-Mart Stores East, LP and John Doe Manager

**(b)**   County of Residence of First Listed Plaintiff   Martin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:      IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Steve Hoskins, Esq., Law Firm of Hoskins, Turco, Lloyd & Lloyd
302 S. Second Street, Ft. Pierce, FL 34950 Tel: (772) 464-4600

Attorneys *(If Known)*

Darin A. DiBello, Esq., Fasi & DiBello, PA
150 SE 2nd Ave., Ste 1010, Miami, FL 33131 Tel: (305) 537-0469

**(d)** Check County Where Action Arose:   ☐ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☑ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   ☐ HIGHLANDS

## II.  BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☑ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*    and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | | ☐ 462 Naturalization Application | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | ☐ 465 Other Immigration Actions | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V.  ORIGIN   *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding   ☑ 2  Removed from State Court   ☐ 3  Re-filed (See VI below)   ☐ 4  Reinstated or Reopened   ☐ 5  Transferred from another district *(specify)*   ☐ 6  Multidistrict Litigation Transfer   ☐ 7  Appeal to District Judge from Magistrate Judgment   ☐ 8  Multidistrict Litigation – Direct File   ☐ 9  Remanded from Appellate Court

## VI.  RELATED/ RE-FILED CASE(S)

*(See instructions):* a) Re-filed Case  ☐YES  ☐ NO     b) Related Cases  ☐YES  ☐ NO

JUDGE:                                                           DOCKET NUMBER:

## VII.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
Removal pursuant to 28 U.S.C. Sections 1332, 1441 and 1446 and FRCP 81(c)

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $30,000.00     CHECK YES only if demanded in complaint:
JURY DEMAND:   ☑ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

DATE
July 26, 2021

SIGNATURE OF ATTORNEY OF RECORD

/s/Darin A. DiBello

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              IFP              JUDGE              MAG JUDGE

JS 44   (Rev. 06/17)  FLSD Revised 06/01/2017

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.**      (a) **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**      **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.  Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.**      **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**      **Nature of Suit.**  Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**      **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.**      **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.**      **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
                       Brief Description: Unauthorized reception of cable service

**VIII.**      **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.