Filing # 128607536 E-Filed 06/11/2021 03:32:34 PM

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

DIONNE HINDS,                                                          CASE NO:

        Plaintiff,

vs.

WAL-MART STORES EAST, LP,
a foreign Limited Partnership and JOHN
DOE MANAGER,

        Defendants,
_____/

## COMPLAINT

The Plaintiff, DIONNE HINDS, by and through the undersigned attorney, sues the Defendants,

WAL-MART STORES EAST, LP and JOHN DOE MANAGER, and in support of the cause of action

states as follows:

1.      This is an action for damages that exceeds $30,000.00, exclusive of fees and costs,

which is within the jurisdictional limits of this court.

2.      At all times material hereto, the Plaintiff, DIONNE HINDS, was and is a resident of

Martin County, Florida.

3.      At all times material hereto, Defendant, WAL-MART STORES EAST, LP, is a foreign

corporation or other business entity duly authorized to do business in the State of

Florida and was doing business in St. Lucie County, Florida.

4.      Walmart does business as Walmart and owns, controls, or operates a retail store located

at 10855 South US Highway 1, Port St. Lucie, Florida 34952.

5.      Upon information and belief, at all times material hereto, Defendant, JOHN DOE

MANAGER, was and is an adult resident of St. Lucie County, Florida, and was a

# EXHIBIT "A"

manager of the WAL-MART store located at 10855 South US Highway 1, Port St. Lucie, Florida 34952.

6.      On or about June 20, 2020, the Plaintiff, DIONNE HINDS, was a shopper and business invitee on Defendant, WAL-MART STORES EAST, LP's premises located at 10855 South US Highway 1 in Port St. Lucie, Florida.

7.      St. Lucie County is the proper venue for this action.

## COUNT I – NEGLIGENCE OF WAL-MART STORES EAST, LP

Plaintiff, DIONNE HINDS, repeats and re-alleges those allegations contained in paragraphs 1 through 7 and incorporates said allegations as if set forth fully herein.

8.      On or about June 20, 2020, Defendant, WAL-MART STORES EAST, LP ("WAL-MART STORES"), owned, leased, operated, possessed, controlled and/or maintained the premises located at or near 10855 South US Highway 1 in Port St. Lucie, Florida.

9.      On or about June 20, 2020, the Plaintiff, DIONNE HINDS, was an invitee on the Defendant WAL-MART STORES' premises when she slipped and fell in soap on the floor. Before DIONNE HINDS reached the area where she slipped, another Walmart customer informed a Walmart associate or employee of the spilled soap.

10.     At the aforementioned time and place, Defendant, WAL-MART STORES, owed a non-delegable duty of care to all invitees, including the Plaintiff to keep the premises free from dangerous conditions and hazards of which they knew or should have known and to exercise reasonable care in the operation, maintenance, and control of their premises, for the safety and welfare of persons lawfully using the premises.

11.  At said time and place, WAL-MART STORES by and through it agents, servants, and/or employees, breached that non-delegable duty by carelessly and negligently allowing a large amount of soap to accumulate in an aisle trafficked by customers.

12.  Plaintiff, DIONNE HINDS was injured due to the dangerous condition and hazardous condition that was created by the actions and/or omissions of agents, servants, or employees of Defendant, WAL-MART STORES, and allowed to exist on the property.

13.  Defendant, WAL-MART STORES, by and through its agents, representatives, or employees knew or should have known that a potentially dangerous condition existed at the aforementioned time and place.

14.  Defendant, WAL-MART STORES, negligently hired and/or failed to properly supervise others who performed work and services on its premises who caused and/or created the dangerous condition on the subject premises.

15.  At the aforementioned time and place, Defendant, WAL-MART STORES., by and through its agents, apparent agents, servants, and/or employees, over which it has responsibility and control breached its duty owed to Plaintiff, DIONNE HINDS, by committing one or more of the following negligent and/or careless acts of omission and/or omissions:

    a.  By negligently, carelessly and improperly maintaining the store premises located at 10855 South US Highway 1 in Port St. Lucie, Florida;

    b.  Failing to keep the subject aisle way free of dangerous slip hazards like the soap that present slip hazards on the floor;

    c.  By negligently, carelessly and improperly creating and/or maintaining a dangerous condition, specifically the slippery liquid soap on the floor, which in

the exercise of reasonable care should have been known by WAL-MART
STORES;

d.  By negligently and carelessly failing to warn the public, including the Plaintiff,
DIONNE HINDS, of the dangerous conditions and/or latent defects which existed
on the aforesaid property;

e.  Failing to rope off, place warning signs, or in some other fashion bring to the
attention of invitees, inclusive of DIONNE HINDS, the existence of the large
area of spilled soap on the floor;

f.  Failing to adequately train, supervise, advise, and/or control its employees
regarding customer safety;

g.  Failing to follow established floor maintenance policies and procedures then in
existence, operation, and effect at the time of the subject incident;

h.  Addition acts of negligence not yet discovered.

16.  Defendant, WAL-MART STORES, knew or should have known, through the
exercise of reasonable care, of the dangerous condition that existed upon the premises
located at 10855 South US Highway 1 in Port St. Lucie, Florida.

17.  As a direct and proximate result, the Plaintiff, DIONNE HINDS suffered bodily
injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss
of capacity for the enjoyment of life, expense of hospitalization, medical and nursing
care and treatment, loss of earnings, loss of ability to earn money and aggravation of
a previously existing condition. The losses are either permanent or continuing and
the Plaintiff, DIONNE HINDS, will suffer in the future.

**WHEREFORE**, the Plaintiff, DIONNE HINDS, demands judgment for damages against the Defendant, WAL-MART STORES EAST, LP, and further demands trial by jury on all issues so triable as a matter of right.

**COUNT II – NEGLIGENCE OF JOHN DOE MANAGER**

Plaintiff, DIONNE HINDS, repeats and re-alleges those allegations contained in paragraphs 1 through 7 and incorporates said allegations as if set forth fully herein and further alleges:

18. On or about June 20, 2020, Defendant, JOHN DOE MANAGER, was an employee of WAL-MART STORES EAST, LP and a manager of the WAL-MART STORE located at 10855 South US Highway 1 in Port St. Lucie, Florida.

19. Defendant, WAL-MART STORES EAST, LP ("WAL-MART STORES"), is vicariously liable for the negligence Defendant, JOHN DOE MANAGER, committed in the course and scope of his employment and/or agency with WAL-MART STORES EAST, LP.

20. At all times material hereto, Defendant, JOHN DOE MANAGER, owed Plaintiff, DIONNE HINDS, a duty to maintain the store premises in a reasonably safe condition and to warn the Plaintiff of dangerous and/or hazardous conditions on the premises.

21. At the aforementioned time and place, Defendant, JOHN DOE MANAGER, by and through his agents, servants, and/or employees, over which he has responsibility and control, breached his duty owed to Plaintiff, DIONNE HINDS, by committing one or more of the following negligent acts of commission and/or omission:

    a. By negligently, carelessly and improperly maintaining the store premises located at 10855 South US Highway 1 in Port St. Lucie, Florida;

b. Failing to keep the subject aisle way free of dangerous slip hazards like the soap that present slip hazards on the floor;

c. By negligently, carelessly and improperly creating and/or maintaining a dangerous condition, specifically the slippery liquid soap on the floor, which in the exercise of reasonable care should have been known by Walmart;

d. By negligently and carelessly failing to warn the public, including the Plaintiff, DIONNE HINDS, of the dangerous conditions and/or latent defects which existed on the aforesaid property;

e. Failing to rope off, place warning signs, or in some other fashion bring to the attention of invitees, inclusive of DIONNE HINDS, the existence of the large area of spilled soap on the floor;

f. Failing to adequately train, supervise, advise, and/or control its employees regarding customer safety;

g. Failing to follow established floor maintenance policies and procedures then in existence, operation, and effect at the time of the subject incident;

h. Addition acts of negligence not yet discovered.

22. Defendant, JOHN DOE MANAGER, knew or should have known through the exercise of reasonable care, of the dangerous and/or hazardous condition that existed upon the premises.

23. In addition to his active negligence described hereinabove, Defendant, JOHN DOE MANAGER, breached his duty as store manager of the premises by failing to implement and/or enforce policies and procedures reasonably calculated to mitigate, reduce and/or eliminate the risk of the injuries and harm discussed herein above.

24. In addition to his active negligence described hereinabove, Defendant, JOHN DOE

MANAGER, breached his duty as store manager of the premises by failing to select, hire, supervise, and/or train sufficient personnel whose job duties include actions reasonably calculated to mitigate, reduce and/or eliminate the risk of the injuries and harm discussed herein above.

25.   As a store manager, Defendant, JOHN DOE MANAGER, has a special relationship with the patrons, which gives rise to a special duty to protect them against unreasonable risk of physical harm.

26.   As a manager of the premises, Defendant, JOHN DOE MANAGER, owed Plaintiff a duty of reasonable care and a duty to implement reasonable inspection procedures to discover hazards, which exist on the property he manages in order to protect its patrons from physical harm.

27.   Defendant, JOHN DOE MANAGER, either knew, or through reasonable inspection, should have known of the dangerous conditions, described herein, which then existed on the premises that he managed and failed to take appropriate steps to eliminate the hazards and/or failed to provide adequate warnings of the hazard to the Plaintiff.

28.   Defendant, JOHN DOE MANAGER, breached the duties he owed to Plaintiff, described herein by failing to follow WAL-MART STORES', policies and procedures.

29.   As described hereinabove, Defendant, JOHN DOE MANAGER, is liable for more than mere technical or vicarious fault, for the injuries sustained by Plaintiff. Defendant, JOHN DOE MANAGER, was directly responsible for carrying out certain responsibilities, he negligently failed to do so, and as result, Plaintiff, DIONNE HINDS was injured. *White v. WAL-MART STORES EAST, LP stores, Inc.,* 918 So.2d 357 (Fla. 1st DCA 2005).

30.    As a direct and proximate result, the Plaintiff, DIONNE HINDS, suffered bodily

injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss

of capacity for the enjoyment of life, expense of hospitalization, medical and nursing

care and treatment, loss of earnings, loss of ability to earn money and aggravation of

a previously existing condition.  The losses are either permanent or continuing and

the Plaintiff, DIONNE HINDS, will suffer in the future.

**WHEREFORE**, the Plaintiff, DIONNE HINDS, demands judgment for damages against the

Defendant, WAL-MART STORES EAST, LP, and further demands trial by jury on all issues so triable

as a matter of right.

DATED this 11th day of June, 2021.


**LAW FIRM OF
HOSKINS, TURCO, LLOYD &
LLOYD**
302 South Second Street
Fort Pierce, FL 34950
Phone  :  (772) 464-4600
Fax      :  (772) 465-4747
Shoskins@htllfirm.com
Taylor@htllfirm.com
Attorneys for Plaintiff


By: /s/ Taylor Hoskins
       Steve Hoskins
       Florida Bar No: 311774
       Taylor Hoskins
       Florida Bar No: 118734